Curtis Sobel (CS-0964)
Sobel & Kelly, P.C.
Attorneys for Defendant,
WHITE CASTLE MANAGEMENT CO,
464 New York Avenue, Suite 100
Huntington, New York 11743
(631) 549-4677

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARJORIE MILLS-DIXON,

                Plaintiff(s),

- against -

WHITE CASTLE MANAGEMENT CO.,
and WHITE CASTLE SYSTEM, INC.,

                Defendant(s).
-------------------------------------------------------------------x

Civil Action No.

CV 08-0973 (LAP)(KNF)

**ATTORNEY'S CERTIFICATION**
Section 130.1.1 (22 NYCRR)

Papers served:

    FIRST SET OF INTERROGATORIES
    DEFENDANT'S FIRST REQUEST FOR DOCUMENT PRODUCTION
    EXPERT WITNESS DEMAND
    NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION
    NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL

_____
CURTIS SOBEL
SOBEL & KELLY, P.C.
Attorneys for Defendant
WHITE CASTLE MANAGEMENT CO.
WHITE CASTLE SYSTEM, INC.
464 New York Avenue, Ste. 100
Huntington, New York 11743
(631) 549-4677
File No.: WC-10009-08

TO:    MARK B. RUBIN, ESQ.
        Attorneys for Plaintiff
        MARJORIE MILLS DIXON
        3413 White Plains Road
        Bronx, New York 10467
        (718) 231-1515

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARJORIE MILLS DIXON,

                       Plaintiff(s),

- against -

WHITE CASTLE MANAGEMENT CO., and
WHITE CASTLE SYSTEM, INC.,

                       Defendant(s)
------------------------------------------------------------X

**Civil Action No.**

CV 08-0973 (LAP)(KNF)

**FIRST SET OF INTERROGATORIES**

Defendant(s), WHITE CASTLE MANAGEMENT CO., and WHITE CASTLE SYSTEM, INC., request that the plaintiff answer the following First Set of Interrogatories and produce and permit the defendant to inspect and copy the documents and things herein requested in accordance with Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the instructions set forth herein.

## DEFINITIONS

1. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

2. "Document" shall mean the original, all nonidentical copies and all drafts of any agreements, contracts, invoices, ledgers, personal records, diaries, calendars, tax returns, job contracts, books, pamphlets, letters, printed matters, publications, telegrams, telexes, cables, data, reports, studies, proposals, statements, memoranda, worksheets, notes, telephone messages, forms, charts, drawings, financial records, photographs prints, photographic negatives or photographs positives (a "slide" or "transparency"), or other verbal, numerical or pictorial recording, whether printed, typed, handwritten, drawn, recorded on film or tape or within any data processing system, or recorded by any other

means, and all other memoranda of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which is in the possession, custody or control of the plaintiffs or is in the possession, custody or control of the agent, representative or employee of the plaintiff, or the plaintiff's attorney. A draft of a nonidentical copy is a separate document within the meaning of this term.

    3.    "Identify" (with respect to Persons) shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    4.    "Identity" (with respect to Documents) shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

    5.    The terms "party", "plaintiff", and "defendant" shall mean each party, and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

    6.    "Person" is defined as any natural person, association, business, legal or government entity or association.

    7.    "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

    8.    "State the basis" for an averment or contention shall mean:

        a.    to identify all acts, events, documents, nonwritten communications and

other facts upon which plaintiff relies in support of the averment, contention or answer in question; and

      b.    to set forth specifically the date or dates on which plaintiff obtained the knowledge or information or formed its belief with respect to each such averment, contention or answer; and

      c.    to state each inference plaintiff draws from each such source upon which plaintiff relies in support of each averment, contention or answer; and

      d.    to set forth and explain the nature and application to the relevant facts of all pertinent legal theories upon which plaintiff relies for its knowledge, information and/or belief that there is good ground to support such averment, contention or answer.

## CONSTRUCTION

1.    "All/Each". The terms "all" and "each" shall be construed as all and each.

2.    "And/Or". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.    "Number". The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.    The interrogatories shall be answered and verified by plaintiffs. Each interrogatory shall be answered separately and fully and each answer shall be preceded by the interrogatory to which it responds. Interrogatories and subdivisions shall not be combined for the purpose of supplying a common answer thereto. The answer to an interrogatory or a subdivision shall not be supplied by referring to the answer to another

interrogatory or subdivision unless the answer referred to supplies a complete and accurate answer to the interrogatory or subdivision then being answered.

2. If plaintiffs claim privileges as to some or all the information requested by an interrogatory, plaintiffs shall identify the nature of the privilege claimed and describe the general topic of the information claimed to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which a privilege is claimed is contained in a document, plaintiff shall identify the person or persons who prepared such document, the person or persons to whom the document was directed or who received the document, the type of document (letter, memorandum, etc.), the person in whose custody the document rests, the date or approximate date of the document's preparation, the length of such document and its present location.

3. These Interrogatories are continuing in nature. Answers should be modified or supplemented and additional documents produced as and when different or further information is obtained prior to the trial of this action.

## INTERROGATORIES

1. State with respect to each plaintiff, the following: Full name, date of birth and home address.

2. State all of the acts and/or omissions constituting the negligence claimed any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or that have been violated by the defendant.

3. Does plaintiff(s) claim to have sustained any personal injuries as a result of the accident which is the subject matter of this litigation?

4. If the answer to the preceding Interrogatory is in the affirmative, then identify each and every injury alleged to have been sustained, and a description of each and every injury alleged to be of a permanent nature. In the event any claim is made for aggravation of a pre-existing condition, a description, in detail of the nature, extent and duration of the pre-existing condition.

5.  State the name and address of each and every hospital, clinic, or institution where any treatment or examination was rendered and the length of time, if any, the plaintiff was confined there. If not confined to any hospital, so state.

6.  If it is claimed that the plaintiff was (or the plaintiffs were) treated by any physician other than one at a hospital or clinic as listed in response to demand #9, supra, give the name and address of each such treating physician. Accurately state the number of visits it is claimed that plaintiff(s) made to each such physician, the dates on which and the places where plaintiff received treatment, the nature of such treatment and by whom rendered, and what was the total fee charged by each such person.

7.  State the total amounts claimed as special damages for:

    a.  Physicians expenses
    b.  Medical expenses
    c.  Therapists and Chiropractic expenses
    d.  Nurses expenses
    e.  Hospital expenses
    f.  Any other expenses which it is claimed resulted from this alleged incident.

8.  Does plaintiff(s) claim to have been disabled to any extent as a result of the accident, which is the subject matter of the within litigation? If yes, then set forth the dates of confinement to hospital, home, bed and incapacitated from work.

9.  State the exact location of the occurrence.

10. If the occurrence took place in the premises, set forth the location therein giving the floor number, aisle number and location thereon, so as to be readily identified; if upon a sidewalk or exterior of a premises, the distance from the curb and building line and any other fixed object.

11. If the Plaintiff is claiming a defect in the premises or a dangerous condition on the premises:

    a.  Set forth a brief description of the defect or dangerous condition being claimed.

    b.  It's duration, if known.

    c.  If actual notice is being claimed, state when, where and to whom such actual notice was given and whether oral or in writing or both. If in writing, attach a copy to the response to this demand.

    d.  If constructive notice is being claimed, state how long such condition existed prior to the time of the alleged occurrence.

12. Did plaintiff, or anyone on plaintiff's behalf at any time prior to the accident which is the subject of this within litigation, make any complaints with regard to the condition.

13. If the answer to the preceding Interrogatory is in the affirmative, then state with regard to each and every said occasion of complaint:

    a) The name and address of the person who made the complaint.
    b) The name and address of the person or entity to whom the complaint was made.
    c) The date of the complaint.
    d) Whether the complaint was oral or in writing.
    e) If the complaint was oral, state the substance of the complaint made and the substance of the response thereto.
    f) If the complaint was in writing, state the substance of the complaint, annex to your answers a copy of the written complaint, state the substance of any reply made thereto, and annex to your answers a copy of any written reply.

14. Set forth plaintiff's education, including the level of high schooling obtained, and the names and dates of attendance and graduation dates with degrees listed for each undergraduate, graduate and post-graduate institution or program attended.

15. Set forth the occupation of plaintiff, including all duties and responsibilities at the time of the alleged occurrence, and currently.

16. Set forth the employer of the plaintiff at the time of the alleged occurrence.

17. Set forth the current employer of the plaintiff.

18. Set forth plaintiff's salary or income, if any, per day, week or month, currently, and at the time of the alleged occurrence.

19. Set forth the amount of lost earnings alleged as a result of the subject incident, or any financial loss incurred, and the method by which the lost earnings or financial loss is computed.

20. If plaintiff is maintaining a claim for lost earnings, please set forth the following:

    (a) Is plaintiff's employment subject to a license issued by any governmental, political or professional authority?

    (b) If so, set forth the date of such licensing, the licensing authority and whether or not such a license has been suspended, denied or revoked in any jurisdiction, setting forth the dates of such suspension,

denial or revocation of the acting authority.

21. Set forth the length in time, if any, plaintiff was incapacitated from employment or occupation.

PLEASE TAKE FURTHER NOTICE, that these Interrogatories shall be deemed continuing so as to require supplemental answers is additional information is obtained of a character called for by the Interrogatories herein between the time the answers are served and the time of trial.

PLEASE TAKE FURTHER NOTICE, that in the event of plaintiff's failure to comply with the foregoing demand within fifteen (15) days, the undersigned will move this Court, as it deems appropriate, for an Order pursuant to the Federal Rules of Civil Procedure dismissing the action and rendering judgment by default for willful failure to disclose information.

Dated: Huntington, New York
June 9, 2008

CURTIS SOBEL (CS-0964)
SOBEL & KELLY, P.C.
Attorneys for Defendant
WHITE CASTLE MANAGEMENT CO.
and WHITE CASTLE SYSTEM, INC.
464 New York Avenue, Suite 100
Huntington, New York 11743
(631) 549-4677
File No.: WC-10009-08.cs

TO: MARK B. RUBIN, ESQ.
Attorney for Plaintiff
MARJORIE MILLS-DIXON
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515